49 CCPA
CARDINAL ENGINEERING CORPORA-
TION, Appellant,

v.

CHAMPION MANUFACTURING COM-
PANY, Appellee.

Patent Appeal No. 6752.

United States Court of Customs
and Patent Appeals.

April 11, 1962.

Charles A. McClure, Philadelphia, Pa., for appellant.

Lawrence H. Cohn, St. Louis, Mo., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Associate Judge JOSEPH R. JACKSON, Retired.

WORLEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board dismissing an opposition by appellant, owner of the registered trademark "WORKMASTER" for "MASONRY SAWS," against appellee's application for registration of the mark "HYDRA-MATIC" for the same goods. The dismissal resulted from the board granting a motion by appellee to dismiss appellant's notice of opposition for failure to state a claim upon which relief could be granted.

The notice of opposition is based on three grounds. Broadly, they are (1) that appellee's mark so resembles appellant's mark as to be likely, when applied to appellee's goods, to cause confusion, or mistake or to deceive purchasers; (2) that appellee's mark, if not deceptively misdescriptive or otherwise deceptive, is merely descriptive; and (3) that appellee's mark, if not merely descriptive, is deceptively misdescriptive or deceptive.

In connection with the first ground, appellant relies on the marks being used on the same goods and takes the position that they are visually and phonetically similar and "are subject to meaningful association with one another." The other two grounds are based on the alleged hydraulic and automatic connotation of "HYDRA-MATIC."

In granting appellee's motion to dismiss, the board stated that "it is apparent on its face that applicant's mark 'HYDRA-MATIC' does not resemble opposer's mark 'WORKMASTER' in any manner calculated to cause confusion, mistake or deception of purchasers," citing its own decision in Essex Wire Corporation v. Eagle Electric Mfg. Co., 120 USPQ 123. The board further ruled that the allegations of the second ground were not adequate to support a claim of damage. The third ground of opposition was not specifically treated in the board's decision.

The issue is whether the dismissal of the notice of opposition for failure to state a cause of action was proper.

 If the ultimate proofs were limited to the bare record before the board and here, that is, only to the marks themselves, we would agree with the board's conclusion. However, it must be remembered that appellant seeks to show something more than just the mere existence of the competing marks. An analogous situation was before the Assistant Commissioner in Ethicon, Inc. v. The Seamless Rubber Company, 120 USPQ 114. The marks there were "ETHICON" and "EZON" applied to related surgical supplies. In reversing the action of the Examiner of Interferences granting the applicant's motion to dismiss, the Assistant Commissioner said:

The question of whether or not applicant's mark, when applied to its goods, so resembles opposer's previously used and registered mark as to be likely to cause confusion is a question of fact and not of law. *Fact questions should ordinarily not be decided on a motion to dismiss.* (Emphasis supplied.)

We, no more than the board, have any way of knowing the strength or weakness of the proofs appellant might have proffered in support of its allegations, but we do feel that the following excerpt from the Ethicon decision is relevant here:

\* \* \* opposer should not be deprived of an opportunity to present facts which it believes support its pleading and entitle it to the relief sought, *irrespective of how insurmountable the task may seem at this juncture.* (Emphasis supplied.)

It seems to us that statement has application as well to appellant's second and third grounds of opposition; viz, alleged descriptiveness and, alternatively misdescriptiveness. While the board based its ruling on the allegation of descriptiveness on the fact that appellant does not assert it is presently engaged in the man-

ufacture or sale of a "hydraulically-operated" masonry saw,[1] we are not convinced that appellant should have been denied the opportunity to offer its evidence on those two points, particularly in view of the failure of the board to treat the allegation of misdescriptiveness.

The fact that appellant opposed registration of appellee's mark does not appear to be an idle gesture but clearly suggests a belief that it would be damaged thereby. Perfecting the appeal here further indicates appellant's conviction that the evidence which it sought to offer would "entitle it to the relief sought."

█ In our opinion appellant has established its right to its "day in court" and should have been allowed the opportunity of offering proof in support of its allegations.[2]

The decision is reversed and remanded.

Reversed and remanded.

RICH, J., concurs in result only.

1. Section 13 of the Lanham Act, 15 U.S.C.A. § 1063, reads:

 *Any person* who believes that he would be damaged by the registration of a mark upon the principal register may, upon payment of the required fee, file a notice of opposition in the Patent Office, stating the grounds therefor, * * *. (Emphasis supplied.)

2. Appellee has not appeared or filed a brief here.